UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
STEVEN LOPEZ, *individually and on behalf of others similarly situated*,

                                        Plaintiff,

-v-

CTPARTNERS EXECUTIVE SEARCH INC., et al.,

                                        Defendants.
------------------------------------------------------------------------X

15 Civ. 1476 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Before the Court is plaintiff Steven Lopez's unopposed motion to be appointed as lead plaintiff and to have his attorneys appointed as lead counsel. For the following reasons, the motion is granted.

I. **Background**

On February 27, 2015, plaintiff Richard Zinno filed this proposed securities class action on behalf of all individuals who purchased shares of CTPartners Executive Search Inc. between February 26, 2014 and January 28, 2015. *See* Dkt. 1 ("Compl."). CTPartners is a New York-based company that facilitates recruitment and hiring of senior executives and board members. *Id.* ¶¶ 2, 16. The Complaint alleges that, throughout the class period, CTPartners made upbeat statements about the firm's culture of honesty and integrity. *See id.* ¶¶ 24–37. On December 8, 2014, however, the *New York Post* reported that a former CTPartners employee had filed an "explosive" complaint revealing CTPartners as "a den of discrimination where women are stripped of profitable accounts, held to a higher standard than their male colleagues, and subjected to lewd behavior." *Id.* ¶ 40. CTPartners thereafter withdrew a stock offering that had

been announced on December 8, 2014. *Id.* ¶¶ 39–41. Based on this and other bad news, the share price dropped 81%, from a class-period high of $23.15 to a low of $4.35. *Id.* ¶ 51.

The same day the complaint was filed, notice of this action was published on *Business Wire*. Dkt. 21 ("Rosenfeld Decl."), Ex. 3. As required by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A), the notice summarized the basis for this action and informed members of the putative class that they had 60 days to move for appointment as lead plaintiff. That 60-day period expired on April 28, 2015.

On April 28, 2015, plaintiff Steven Lopez filed a motion for appointment as lead plaintiff and for approval of his chosen counsel. Dkt. 19–21. Lopez is represented by Robbins Geller Rudman & Dowd LLP, the same law firm that represents Zinno and filed the original complaint. Lopez is the only person who has timely moved for appointment as lead plaintiff.

## II.     Appointment of the Lead Plaintiff

The PSLRA governs motions for appointment of lead plaintiff and approval of lead counsel in putative class actions brought under the securities laws. *Bo Young Cha v. Kinross Gold Corp.*, No. 12 Civ. 1203 (PAE), 2012 WL 2025850, at *2 (S.D.N.Y. May 31, 2012); *Vladimir v. Bioenvision Inc.*, No. 07 Civ. 6416 (SHS) (AJP), 2007 WL 4526532, at *2 (S.D.N.Y. Dec. 21, 2007). The PSLRA directs the court to appoint as lead plaintiff the party or parties "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u–4(a)(3)(B)(i). Under the PSLRA, there is a rebuttable presumption that the most adequate plaintiff is the person who: (1) has either "filed the complaint or made a motion in response to a notice," *id.* § 78u–4(a)(3)(B)(iii)(I)(aa); (2) has the "largest financial interest in the relief sought by the class," *id.* § 78u–4(a)(3)(B)(iii)(I)(bb); and (3) "satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure," *id.* § 78u–4(a)(3)(B)(iii)(I)(cc). "[T]his presumption may

be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Metro Servs. Inc. v. Wiggins*, 158 F.3d 162, 164 (2d Cir. 1998) (quoting 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)).

As noted, Lopez is the only person who has moved for appointment as lead plaintiff, satisfying the first prong. *See* Dkt. 19–21. The Court therefore turns to the second and third prongs established by the PSLRA.

### A. Financial Interest

Lopez certifies that he purchased 4,432 shares of CTPartners during the class period and lost a total of $51,433.06 when the share price dropped. Rosenfeld Decl., Exs. 1–2. Because no prospective lead plaintiff with a larger financial stake in this case has come forward, and the Court has no access to non-parties' financial records, the Court must assume that Lopez's financial interest renders him suitable to serve as lead plaintiff. *See Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, No. 11 Civ. 5097 (JFK), 2011 WL 4831209, at *2 (S.D.N.Y. Oct. 12, 2011); *Jolly Roger Offshore Fund LTD v. BKF Capital Grp., Inc.*, No. 07 Civ. 3923 (RWS), 2007 WL 2363610, at *3 (S.D.N.Y. Aug. 16, 2007) (collecting cases).

### B. Rule 23 Requirements

The Rule 23 requirements for class certification are commonly referred to as numerosity, commonality, typicality, and adequacy. *Sykes v. Mel S. Harris & Associates LLC*, 780 F.3d 70, 80 (2d Cir. 2015). At this early stage of litigation, however, "'only the last two factors— typicality and adequacy—are pertinent.'" *Bo Young Cha*, 2012 WL 2025850, at *6 (quoting

*Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004)). A lead plaintiff's claims are typical where "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173–74 (S.D.N.Y. 2010) (citations omitted); *see also In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). A lead plaintiff is adequate where he "does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent." *Glauser v. EVCI Ctr. Colls. Holding Corp.*, 236 F.R.D. 184, 189 (S.D.N.Y. 2006) (citing *Dietrich v. Bauer*, 192 F.R.D. 119, 124 (S.D.N.Y. 2000)). To obtain appointment as lead plaintiff, "'[t]he moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met.'" *Khunt v. Alibaba Grp. Holding Ltd.*, No. 15 Civ. 00759 (CM), 2015 WL 1954134, at *11 (S.D.N.Y. May 1, 2015) (quoting *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003)).

Lopez's claims "are typical of the class because [his] claims and injuries arise from the same conduct from which the other class members' claims and injuries arise." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 45 (S.D.N.Y. 1998) (citing *Drexel*, 960 F.2d at 291). As alleged in the Complaint, every member of the putative class, "(1) purchased or acquired [CT Partners] securities during the class period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth was disclosed to the market." *Jolly Roger*, 2007 WL 2363610, at *4. Accordingly, Lopez's claims arise from the same course of conduct as other class members' claims.

4

On the facts presently known, Lopez is also an adequate class representative. He has certified that he is willing to fulfill the duties of lead plaintiff, Rosenfeld Decl. Ex. 1, and he has retained counsel with significant experience in securities fraud cases, *id.* Ex. 4. And there is, as yet, no indication that Lopez has any interests that are antagonistic to those of the class. *See Plumbers, Pipefitters & MES*, 2011 WL 4831209, at *2; *Jolly Roger*, 2007 WL 2363610, at *5.

Because Lopez has thus far satisfied all of the PSLRA requirements, the Court finds that he is the most adequate plaintiff. There has been no credible claim that he "will not fairly and adequately protect the interests of the class" or is subject to "unique defenses" that render him incapable of adequately representing the class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). The Court therefore appoints Steven Lopez as lead plaintiff.

## III.  Appointment of Class Counsel

The most adequate plaintiff may retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. § 78u–4(a)(3)(B)(v). "There is a 'strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection.'" *Sallustro v. CannaVest Corp.*, No. 14 Civ. 2900 (PGG), 2015 WL 1262253, at *10 (S.D.N.Y. Mar. 19, 2015) (quoting *See In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, No. 03 MDL 1529 (LMM), 2008 WL 4128702, at *2 (S.D.N.Y. Sept. 3, 2008)). Here, as noted, Lopez has selected the firm of Robbins Geller. Having reviewed the firm's submissions as to its pertinent background and experience, including its experience litigating securities class actions, the Court finds that it is well qualified to serve as lead counsel. Accordingly, the Court appoints Robbins Geller as lead counsel.

IV. **Next Steps**

On May 14, 2015, the parties filed a joint letter with a protracted proposed schedule for briefing the anticipated motion to dismiss. Dkt. 31. The Court finds that a six-month briefing schedule is not warranted in this case and therefore sets the following deadlines:

- Lopez's amended complaint is due by June 15, 2015.
- CTPartners's answer or motion to dismiss is due by July 13, 2015.
- If CTPartners files a motion to dismiss, Lopez's opposition is due by August 10, 2015.
- CTPartners's reply is due by August 24, 2015.

The Court also notes that it would ordinarily provide plaintiff with an opportunity to amend his complaint after the motion to dismiss was filed. Here, however, the parties have indicated that they prefer to provide an opportunity to amend now. *See* Dkt. 31. Plaintiff therefore should not expect a further opportunity to amend after the Court resolves the motion to dismiss.

## CONCLUSION

For the foregoing reasons, Steven Lopez is hereby appointed as lead plaintiff, and Robbins Geller is hereby appointed as class counsel. The Clerk of Court is directed to terminate the motions pending at docket numbers 19 and 31.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: May 18, 2015
       New York, New York